SEAN K. KENNEDY (No. 145632)
Federal Public Defender
(E-mail: Sean_Kennedy@fd.org)
REUVEN COHEN (No. 23195)
Deputy Federal Public Defender
(E-mail: Reuven_Cohen@fd.org)
JOHN LITTRELL (No. 221601)
(E-mail: John_Littrell@fd.org)
321 East 2nd Street
Los Angeles, California  90012-4202
Telephone (213) 894-4454
Facsimile (213) 894-0081

Attorneys for Defendant
CHARLES LYNCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>CHARLES LYNCH,<br><br>            Defendant. | NO. CR 07-689-GW<br><br>DEFENDANT'S PROPOSED JURY INSTRUCTIONS (Annotated) |

Defendant, Charles Lynch, respectfully requests that the Court give the attached instructions in its charge to the jury.

Leave is respectfully requested to include such other and additional instructions as may become appropriate in the course of the trial.

                                        Respectfully submitted,

                                        SEAN K. KENNEDY
                                        Federal Public Defender

DATED: July 30, 2008            By      /s/
                                        JOHN LITTRELL
                                        Deputy Federal Public Defender

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. _____

It was particularly within the power of the government to produce paid government informants "CI-1" and "CI-2," who could have given material testimony on an issue in this case. The government's failure to call "CI-1" and "CI-2," may give rise to an inference that their testimony would be unfavorable to the government.

Specifically with respect to "CI-2", you may draw the inference that if called, "CI-2" would have testified that "CI-2" had to show a drivers license and physician's statement, which would have been verified by a dispensary employee, and fill out a marijuana dispensary application agreeing to abide by the conditions therein prior to obtaining any marijuana from the dispensary.

You should bear in mind that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Pattern Criminal Federal Jury Instructions for the Seventh Circuit, No. 3.24, Missing Witness; *see also* Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) No. 4.16 Missing Witness, Comment ("The court has the discretion to give a missing witness instruction or to leave the matter to the argument of counsel.")

|     |                                                    |
| --- | -------------------------------------------------- |
| 1   | COURT'S INSTRUCTION NO. \_\_\_\_\_                 |
| 2   | DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_\_    |

If you find Mr. Lynch guilty of Count One, and if you further find that Mr. Lynch possessed with intent to distribute, or conspired to possess with intent to distribute, marijuana plants, you will be required to fill out a special verdict form with respect to the number of marijuana plants Mr. Lynch possessed or conspired to possess.

If you find that the government has allowed any of the marijuana plants alleged in Count One to be destroyed or lost, you may draw an adverse inference that the number of plants was less than the government claims it to be.

*Arizona v. Youngblood*, 488 U.S. 51, 59 (1988) (jury instructed "[i]f you find that the State has . . . allowed to be destroyed or lost any evidence whose content or quality are in issue, you may infer that the true fact is against the government's interest.")

COURT'S INSTRUCTION NO. \_\_\_\_\_

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_\_

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed. Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, (2003 Ed.) No. 8.17 Multiple Conspiracies

|   |   |
|---|---|
| 1 | COURT'S INSTRUCTION NO. \_\_\_\_\_ |
| 2 | DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_\_ |

A marijuana plant must have a stem, leaves and a root system.  In order to prove the existence of a marijuana plant, the government must prove beyond a reasonable doubt that the plant or cutting had a readily observable root formation.  A root formation is not readily observable unless it is readily apparent to the unaided layperson's eye.

*United States v. Robinson*, 35 F.3d 442, 445-445 (9th Cir. 1994).

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. _____

I instruct you that you must presume Mr. Lynch to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"--with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment] The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Lynch.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense--the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Mr. Lynch has committed each and every element of the offense charged in the indictment, you must find him not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions--one of innocence, the other of guilt--the jury must, of course, adopt the conclusion of innocence.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Section 12.10 Presumption of Innocence, Burden of Proof, and Reasonable Doubt

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. _____

The Tenth Amendment to the United States Constitution states as follows: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

U. S. Const. amend. X.

COURT'S INSTRUCTION NO. \_\_\_\_\_

DEFENDANT'S PROPOSED INSTRUCTION NO. \_\_\_\_\_

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

<u>Manual of Model Jury Instructions for the Ninth Circuit,</u>
(2003 Ed.) No. 7.5 Verdict Form