```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    DAVID P. KOWAL (Cal. Bar No. 188651)
 4  RASHA GERGES (Cal. Bar No. 218248)
    Assistant United States Attorneys
 5  OCEDTF Section
         1400 United States Courthouse
 6       312 North Spring Street
         Los Angeles, California  90012
 7       Telephone:  (213) 894-5136/6530
         Facsimile:  (213) 894-0142
 8       E-mail:  david.kowal@usdoj.gov
                  rasha.gerges@usdoj.gov
 9
10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
11
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 07-689-GW |
|---|---|
| Plaintiff, | ) |
| | ) <u>GOVERNMENT'S PROPOSED JURY</u> |
| v. | ) <u>INSTRUCTIONS REGARDING DEFENSE OF</u> |
| | ) <u>ENTRAPMENT BY ESTOPPEL</u> |
| CHARLES C. LYNCH, and | ) <u>(ANNOTATED)</u> |
| ARMOND TENNYSON TOLLETTE, JR., | ) |
| Defendants. | ) |

Plaintiff United States of America, by and through its attorney of record, the United States Attorney for the Central District of California, hereby files its proposed jury instructions relating to the defense of entrapment by estoppel. To the extent the Court is inclined to instruct the jury on this defense, the government respectfully requests that the Court give the following

1  instructions.

2  Dated: July 31, 2008                Respectfully submitted,

3                                      THOMAS P. O'BRIEN
                                       United States Attorney
4
                                       CHRISTINE C. EWELL
5                                      Assistant United States Attorney
                                       Chief, Criminal Division
6

7                                      _____/S/_____
                                       DAVID P. KOWAL
8                                      RASHA GERGES
                                       Assistant United States Attorney
9                                      OCEDTF Section

10                                     Attorneys for Plaintiff
                                       United States of America

2

COURT'S INSTRUCTION NO. \_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

One of the questions in this case is whether the defendant reasonably relied on a government announcement that the criminal act was legal. This defense is called entrapment by estoppel. This defense is available only for Counts One, Four, and Five. This defense does not apply to Counts Two and Three.

For you to return a verdict of not guilty to Counts One, Four, or Five, based on the defense of entrapment by estoppel, the defendant must prove the following five elements by a preponderance of the evidence:

(1) an authorized United States government official empowered to render the claimed erroneous advice;

(2) who has been made aware of all the relevant historical facts;

(3) affirmatively told defendant the proscribed conduct was permissible;

(4) defendant relied on the false information; and

(5) his reliance was reasonable.

Unlike the other matters I have discussed with you, the defendant has the burden of proof. If the defendant proves by a preponderance of the evidence the five elements listed above, then you must find the defendant not guilty.

Page One of Two

1

1  Preponderance of the evidence is defined as "more likely than
2 not." In other words, the defendant must convince you that the five
3 factors are more likely true than not.

15  Sixth Circuit Model Jury Instruction No. 6.09 [Entrapment
16  by Estoppel (modified to state five factors listed in
17  <u>United States v. Batterjee</u>, 361 F.3d 1210, 1216 (9th Cir.
18  2004), and to include "United States" government official,
19  <u>see</u> Sixth Circuit Model Jury Instruction 6.09, Commentary
20  ("The term 'United States government' reflects the case
21  law which specifies that the entrapment-by-estoppel
22  defense will not shield a defendant from federal
23  prosecution when the representations of legality were made
24  by state officers."); Seventh Circuit Model Jury
25  Instruction No. 6.07 (include "United States" before
26  government official "if there is a factual dispute over
27  whether the official who made representations to the
28  defendant was a federal official or some other type.")]

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

The entrapment by estoppel defense applies only, if at all, to statements made by United States government officials. It does not apply to statements made by anyone else, including state or local officials.

> United States v. Mack, 164 F.3d 467, 471, 474 (9th Cir. 1999) (defendant facing federal firearms charges could not rely on the advice or authority of state officials in presenting public authority or entrapment by estoppel defense); United States v. Collins, 61 F.3d 1379, 1385 (9th Cir. 1995)("a defendant must demonstrate that he or she relied either on 'a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government, who . . . has been granted the authority from the government to render such advice.'"); United States v. Brebner, 951 F.2d 1017, 1026 (9th Cir. 1991)("Brebner was not entitled to rely on any representations made by state or local officials because, unlike situations where estoppel has been upheld, these officials lacked the authority to bind the federal government to an erroneous interpretation of federal law.").

3

|     |     |
| --- | --- |
| 1   | COURT'S INSTRUCTION NO. ___ |
| 2   | GOVERNMENT'S PROPOSED INSTRUCTION NO. 3 |

For purposes of the third element of the entrapment by estoppel defense, the defendant must do more than show that the United States government made vague or even contradictory statements.

United States v. Ramirez-Valencia, 202 F.3d 1106, 1109 (9th Cir. 2000)("To succeed under this theory [entrapment by estoppel], defendant must do more than show that the government made 'vague or even contradictory statements.'").

4

COURT'S INSTRUCTION NO. ___

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

For purposes of the fifth element of the entrapment by estoppel defense, a defendant's reliance is reasonable if a person sincerely desirous of obeying the law would have accepted the information as true, and would not have been put on notice to make further inquiries.

<u>United States v. Brebner</u>, 951 F.2d 1017, 1024 (9th Cir. 1991).

5

COURT'S INSTRUCTION NO. \_\_\_

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

Unless you find that the defendant has met his burden of proving each element of the defense of entrapment by estoppel as to a particular count, ignorance of the law is no excuse to the crimes charged in the Indictment. The government is not required to prove that the defendant knew that his acts were unlawful. Similarly, defendant's good faith belief in the legality of his conduct is not a defense to the crimes charged in the indictment.

> United States v. Scarmazzo, \_\_ F. Supp. 2d \_\_, 2008 WL 1946523, *3 (E.D. Cal. May 1, 2008) ("Possession and distribution of a controlled substance is not a crime in which the Defendant's good faith belief in the illegality of conduct negates an element of the charges."); see also United States v. Marsh, 894 F.2d 1035, 40-41 (9th Cir. 1990)(approving jury instruction that "ignorance of the law is not defense" in controlled substance conspiracy where jury sent note regarding whether the government had to prove defendants knew manufacture of drug "euphoria" was illegal); United States v. Sherbondy, 865 F.2d 996, 1002 (9th Cir. 1988); United States v. Hillman, 461 F.2d 1081, 1082 (9th Cir. 1972); Ninth Circuit Model Criminal Jury Instruction No. 5.6 (2003) [Knowingly Defined].