THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID P. KOWAL (Cal. Bar No. 188651)
RASHA GERGES (Cal. Bar No. 218248)
Assistant United States Attorneys
OCEDTF Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-5136/6530
Facsimile: (213) 894-0142
E-mail: david.kowal@usdoj.gov
rasha.gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHARLES C. LYNCH<br>Defendant. | CR No. 07-689-GW<br><br>GOVERNMENT'S PROPOSED CHANGES TO JURY INSTRUCTIONS CIRCULATED BY COURT ON AUGUST 1, 2008 |

On August 1, 2008, the Court circulated a revised series of proposed jury instructions to the parties. A copy of these instructions (the "jury instructions") is attached hereto and filed concurrently herewith. The government hereby provides its

//

//

//

proposed changes to these jury instruction organized by jury instruction number.

Dated: August 2, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/s/

DAVID P. KOWAL
RASHA GERGES
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**<u>GOVERNMENT'S PROPOSED REVISIONS TO JURY INSTRUCTIONS</u>**

**<u>JURY INSTRUCTION NO.2</u> (Page 1)**

<u>First paragraph, 3d sentence</u>:

DELETE: "Any state law they"

INSERT: "Any state laws that"

<u>Second paragraph:</u>

DELETE: Entire paragraph

INSERT: "You have heard references in this case to the Tenth Amendment to the United States Constitution. The Tenth Amendment does not prevent federal law from criminalizing the manufacture, distribution, or possession of marijuana even in states such as California which have legalized marijuana for certain purposes under state law. Nor does the Tenth Amendment allow any California state law to override or change federal law in anyway."

**JURY INSTRUCTION NO.18 (Page 4-5)**

Will indictment go to the jury:

GOVERNMENT'S RESPONSE:

The Court has complete discretion as to whether to send a copy of the indictment to the jury. United States v. Utz, 886 F.2d 1148, 1152 (9th Cir. 1989); Shane v. United States, 255 F.2d 739, 743 (9th Cir. 1958).

The government lodged a redacted indictment on July 20, 2008, which was agreed to by all parties. That indictment was read to the jury. Recently, the government submitted to the Court (on compact disc) and to the defense a revised indictment identical to the July 20, 2008 indictment, but with two references to the sales of marijuana for profit removed. (See July 20, 2008 indictment at 2, Means Section: "1. LYNCH . . . owned an operated for profit a marijuana store..." and "2. LYNCH supplied marijuana to be sold for a profit at the marijuana store.") (emphasis added)). A copy of this indictment will be lodged concurrently herewith. As the government has not sought to offer evidence of sales for profit, and as the profit allegations are not essential to the charges in the indictment, the Court may remove and submit to the jury the government's new redacted indictment to the jury, should it choose to send a copy of the indictment to the jury at all. United States v. Hutchinson, 22 F.3d 846, 850 (9th Cir. 1993) (discussing United States v. Miller, 471 U.S. 130 (1985) and United States v. Barany, 884 F.2d 1255, 1258 (9th Cir. 1989)), overruled on other grounds as recognized in United States v. Nash, 115 F.3d 1431, 1435 (9th Cir. 1997)); United States v. Forzese, 756 F.2d 217,

221-22 (1st Cir. 1985) (better practice to omit overt act in conspiracy as to which there was no evidence).

**JURY INSTRUCTION NO.19 (Page 5)**

First paragraph, lasts sentence:

DELETE: "trump federal law . . . "

INSERT: "override or change federal law. . ."

**JURY INSTRUCTION NO.23 (Page 6)**

First paragraph, 2d sentence:

DELETE: "The crimes listed in Count One as being a subject . . . "

INSERT: "The crimes listed in Count One as being an object . . . "

First paragraph, listed item "1)"

DELETE: ". . . and the distribution of marijuana,"

INSERT: ". . . or the distribution of marijuana,"

First paragraph, listed item "3)"

DELETE: ". . . and the distribution of a mixture or substance containing THC,"

INSERT: ". . . or the distribution of a mixture or substance containing THC,"

First paragraph, listed items "4)" and "5)"

REVERSE ORDER OF CRIMES LISTED AS "4)" and "5)" TO CONFORM WITH ORDER IN INDICTMENT

**JURY INSTRUCTION NO. 26 (Page 7)**

First Paragraph

DELETE: ". . . possession with intent distribution THC . . . "

INSERT: ". . . possession with intent to distribute THC. . . "

**JURY INSTRUCTION NO. 30**

**(First unnumbered instruction on Page 9)**

Last paragraph regarding government's lack of need to prove knowledge of the age of the person receiving the marijuana:

GOVERNMENT'S RESPONSE: As set forth in the government's annotated jury instruction filed on or about July 17, 2008, this instruction is based on United States v. Valencia-Roldan, 893 F.2d 1080, 1083 (9th Cir. 1990) and Ninth Circuit Model Jury Instruction No. 9.17 (2003) [Controlled Substance - Distribution to Person Under 21 Years (21 U.S.C. §§ 841(a)(1) and 859), Comment ("Knowledge by the defendant that the person to whom the controlled substance is distributed is under twenty-one years of age is not an essential element")].

**JURY INSTRUCTION NO. 34**

**(First unnumbered instruction, "Quantity of Drug", on p. 10-11)**

Question as to whether quantity is an issue as to Counts 2 and 3

_____GOVERNMENT'S RESPONSE:

Quantity is an issue as to Counts 2 and 3, specifically whether the counts involve greater than 5 grams of marijuana. See 21 U.S.C. § 859(a), last sentence.

Eight Paragraph (bottom of page 10), first sentence:

_____DELETE: Entire Sentence: "If you find Defendant guilty as to either Count One. . . (or conspired to possess)."

BASIS: This sentence is unnecessarily duplicative of the second paragraph of this instruction. At most, INSERT into the second paragraph after "answer an additional question" the words "in the verdict form."

Eight Paragraph (bottom of page 10), second sentence:

DELETE: Entire sentence.

INSERT: "You heard that suspected marijuana plants taken by the government from the defendant's business on March 29, 2007 were destroyed or deteriorated before the defendant or his counsel was able to inspect or count the plants. From this fact, you may, but are not required to, draw the adverse inference that the number of plants taken from the store was less than the government claims it to be or to conclude that the destruction or deterioration makes one unable to determine with sufficient certainty the number of plants taken from the store on March 29, 2007."

INSERT ALSO: "You heard also that other bulk quantities of suspected marijuana taken from defendant's store was destroyed prior to trial. While it is for you to determine the nature and quantity of this suspected marijuana, this bulk quantity of marijuana was destroyed according to proper procedures after defendant and his counsel were given adequate opportunity to inspect it."

BASIS: As the Court has noted to counsel during trial, given defendant's attempt to raise the false impression that this bulk marijuana was improperly destroyed, an instruction on this issue is necessary.

Ninth Paragraph (top of page 11):

DELETE: Second sentence, regarding "cuttings."

REASON: The government assumes that this instruction is taken from United States v. Robinson, 35 F.3d 442, 446 (9th Cir. 1994). However, there has been no evidence in this case that defendant had mere cuttings that did not develop roots, so the second sentence is unnecessary.

**JURY INSTRUCTION NO. 35**

**(First full unnumbered instruction, "Location/Venue", on pages 10-11)**

Reason for instruction:

The venue requirement is set forth in United States v. Casch, 448 F.3d 1115, 1117-18 (9th Cir. 2006). Should defendant agree to waive venue on the record this instruction would not be necessary.

**JURY INSTRUCTION NO. 36**

**(Second unnumbered instruction, "Defense-Entrapment by Estoppel", on pages 11-12)**

First Paragraph, Third sentence:

DELETE: "This defense is available only for Counts Four and Five."

INSERT: "This defense is available only for Counts Four and Five, and for the first, second, third, and fifth crimes charged as objects of the conspiracy in Count One."

First Paragraph, Fourth sentence:

DELETE: ". . . to Counts Two or Three which involve distribution of marijuana to persons under the age of 21 years."

INSERT: ". . . to Counts Two or Three, or the fourth crime charged as an object of the conspiracy in Count One, all of which involve distribution of marijuana to persons under the age of 21 years."

Third Paragraph, First Sentence:

DELETE: Entire sentence.

INSERT: "In order to find the defendant “not guilty” of a count of an indictment or to find him not responsible of a crime charged as an object of the conspiracy in Count One based on the defense of entrapment by estoppel, you must find that as to the particular crime at issue, that the defendant has proved by a preponderance of the evidence each of the following five elements:...”

Fourth Paragraph, last sentence (bottom of p.11)

DELETE: ". . . obeying the law. . . "

INSERT: ". . . obeying federal law. . . "

**JURY INSTRUCTION NO. 37**

**(First unnumbered concluding instruction on page 12)**

DELETE: Entire instruction as duplicative of Instruction No. 1 (unless during the remainder of trial or closing argument, counsel make jury nullification or other arguments contrary to law).

**JURY INSTRUCTION NO. 38**

**(Second unnumbered concluding instruction on page 12)**

DELETE: Entire instruction.

BASIS: Duplicative of Instruction Nos. 2 & 9

**CONCLUSION**

The government respectfully requests the above changes be made to the jury instruction.

Dated: August 2, 2008

Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

/s/
DAVID P. KOWAL
RASHA GERGES
Assistant United States Attorney

Attorneys for Plaintiff
United States of America