THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DAVID P. KOWAL (Cal. Bar No. 188651)
RASHA GERGES (Cal. Bar No. 218248)
Assistant United States Attorneys
OCEDTF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California  90012
     Telephone:  (213) 894-5136/6530
     Facsimile:  (213) 894-0142
     E-mail:  david.kowal@usdoj.gov
              rasha.gerges@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR No. 07-689-GW |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S OBJECTION TO DEFENSE INSTRUCTION AND REQUEST ADDITIONAL PROPOSED CHANGES TO JURY INSTRUCTIONS CIRCULATED BY COURT ON AUGUST 1, 2008 |
| v. | ) | |
| CHARLES C. LYNCH | ) | |
| Defendant. | ) | |

On August 1, 2008, the Court circulated a revised series of proposed jury instructions to the parties. A copy of these instructions (the "jury instructions") is attached hereto and filed concurrently herewith. On August 2, 2008, the government provided the Court with proposed changes to these jury instruction organized by jury instruction number. Defense counsel filed an additional proposed instruction on August 3,

2008. Attached hereto are the government's objections to defense counsel's proposed instruction as well as two additional proposed changes to the instructions offered by the government.

Dated: August 3, 2008               Respectfully submitted,

                                    THOMAS P. O'BRIEN
                                    United States Attorney

                                    CHRISTINE C. EWELL
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    _____
                                    DAVID P. KOWAL
                                    RASHA GERGES
                                    Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         United States of America

2

**GOVERNMENT'S OBJECTION TO DEFENDANT'S INSTRUCTION RE S.B.420**

The government objects to this statement and unnecessary and incorrect.  First, Agent Reuter's testimony was correct in that People v. Kelly, 77 Cal.Rptr.3d 390 (Cal. App. 2008) did overturn that portion of SB 420 or Medical Marijuana Program regarding California Health and Safety Code 11362.77, which sought to put caps on the amount of marijuana per patient.  Kelly, 77 Cal.Rptr.3d at 130-32 (finding section 11362.77 unconstitutional as legislative amendment to Companionate Use Act).

Moreover, as the defense has stated on numerous occasions, the text of SB 420 has not been introduced in this trial for the truth, but for its impact on defendant's state of mind.  Thus, the recent overturning of portions of SB 420 remain irrelevant, and no jury instruction is needed.

//

//

//

//

//

//

//

**GOVERNMENT'S ADDITIONAL PROPOSED REVISIONS TO JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 36**

**(Second unnumbered instruction, "Defense-Entrapment by Estoppel", on pages 11-12)**

Fourth Paragraph, Third Sentence (bottom of p.11)

DELETE: "As to the third element, the advice or permission received from the federal official must be more than a vague or even contradictory statement."

INSERT: "As to the third element, the advice or permission received from the federal official must be more than a vague or even contradictory statement. Nor can this element be met by a mere failure by a federal official to inform or assist the defendant."

BASIS: Lavin v. Marsh, 644 F.2d 1378, 1382 (9th Cir. 1981) ("[T]o invoke estoppel against the Government, the party claiming estoppel must show 'affirmative misconduct' as opposed to mere failure to inform or assist.") (citation omitted); see Raley v. Ohio, 360 U.S. 423, 438 (1959) (finding entrapment where state engaged in "active misleading"); United States v. Hancock, 231 F.3d 557, 567 (9th Cir. 2000) ("[T]he defendant must show 'that the government affirmatively told him the proscribed conduct was permissible, and that he reasonably relied on the government's statement'") (citation omitted); United States v. Woodley, 9 F.3d 774, 779 (9th Cir. 1993) (without affirmative representation, defendant could not make prima facie showing in support of entrapment-by-estoppel defense).

**JURY INSTRUCTION NO. 36(a)**

**(Proposed Instruction After "Entrapment By Estoppel" Instruction)**

INSERT: "You heard references to documents seized by the government from defendant's business and home.  As required by law and this Court's orders, all of these documents were made available for inspection and copying by the defendant and his counsel prior to trial."

BASIS: Pursuant to Rule 16(E) and the Court's pretrial order, the government made available to defense for inspection and copying all documents seized from him in August 2007. Defense counsel specifically made copies in June 2008.  These facts were all set forth in the Government's Filing In Support of Summary Charts and supporting declaration and exhibits, filed on July 24, 2008 (Docket Number 129).  At a hearing on the charts issue, defense counsel stated that they did not dispute these facts.  However, when questioned about his retention of notes regarding his phone conversation with DEA, defendant made reference to all the documents seized by the government, giving the false impression that defendant did not have access to all these documents.  This instruction is necessary to rebut that false impression.

//
//
//
//
//
//
//

**CONCLUSION**

The government respectfully objects to defendant's instruction and requests the above changes be made to the jury instruction.

Dated: August 3, 2008         Respectfully submitted,

THOMAS P. O'BRIEN
United States Attorney

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

          /s/
DAVID P. KOWAL
RASHA GERGES
Assistant United States Attorney

    Attorneys for Plaintiff
    United States of America